UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MICHAEL PRINCE and BEVERLY PRINCE,

        Plaintiffs,

    -v-                          No.  08 Civ. 5400 (LTS)(DCF)

CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

        Plaintiffs Michael Prince and Beverly Prince ("Plaintiffs") bring this action pro se against Defendants the City of New York, the City of New York Department of Housing Preservation and Development ("DHPD"),[1] and the Fire Department, (the "Municipal Defendants"), the Langston Hughes Preservation Corp. ("Langston Hughes"),[2] Sean Miller, and Aja Becher (collectively the "Tenant Defendants"), Charles Mitchell and the Law Office of Joseph Fleming (the "Attorney Defendants"), (and together with all of the foregoing defendants, "Defendants"), purporting to assert causes of action pursuant to 18 U.S.C. §§ 241 and 1028, as well as pursuant to 42 U.S.C. § 1983.[3]  The Municipal Defendants move to dismiss the complaint (the

---

[1]     Plaintiffs refer to this Defendant as "Housing Preservation Development," "HPD" and the "Department of Housing and Preservation Development."  It appears from the exhibits attached to the Complaint that the name of the agency is the City of New York Department of Housing Preservation and Development.  The Court will refer to this Defendant individually in this Memorandum Opinion as the "DHPD."

[2]     This Defendant is referred to in the caption as Langston Hughes Preservation Corp., but referred to in the Complaint as Langston Hughes House Corporation.  The Court will refer to this Defendant in this Memorandum Opinion as "Langston Hughes."

[3]     18 U.S.C. §§ 241 and 1028 are provisions of the federal criminal code that do not provide any private right of action and, thus, Plaintiffs' Complaint must be dismissed insofar as it alleges causes of action based on these statutory provisions.  See Garay

"Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant

Charles Mitchell also moves, pursuant to Rule 12(b)(6) to dismiss the Complaint.  The Court has

jurisdiction of this action pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purposes of this motion, the Court construes all of the allegations in the

Complaint as true.  The Court reads Plaintiffs' submissions liberally and construes factual proffers

made in Plaintiffs' Opposition and Reply to the motions to dismiss as true, in light of Plaintiffs' pro

se status.  Plaintiffs are the owners of 20 E. 127th Street, New York, N.Y. 10025 (the "Property").

(Compl. at ¶ P1.)[4]  Defendants Miller and Becher were, at all relevant times, the "Executive

Corporate Officers" of Defendant Langston Hughes.  (Id. at ¶ P4.)  On or about April 12, 2006,

Plaintiffs entered into a lease agreement under which Defendants Miller and Becher would occupy

the top three floors of the Property as commercial tenants.  (Id. at ¶ SF1.)  The Tenant Defendants

impermissibly altered the structural integrity of the premises they occupied, including knocking

down walls and disrupting circuitry, without Plaintiffs' knowledge or consent.  (Id. at ¶ SF4.)  On

or about July 5, 2007, Plaintiffs gave the Tenant Defendants written notice of their decision to

terminate the lease based on Tenant Defendants' breach of the terms of the lease.  (Id. at ¶ SF5.)

---

v. U.S. Bancorp, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (dismissing plaintiff's 18 U.S.C. § 1028 claim because "the statute is criminal in nature and provides no private right of action"); Hill v. Didio, 191 Fed. Appx. 13 (2d Cir. 2006) (district court properly dismissed plaintiff's claims filed pursuant to 18 U.S.C. § 241 because "[n]othing in the language or structure of sections 241 . . . suggests that Congress intended to create a private right of action").

[4]   The Complaint numbers its paragraphs within each section.  Thus the Court will refer to the section and the paragraph number as follows, ¶ P1 to refer to the first paragraph in the "Parties" section of the Complaint; ¶ SF1 to refer to the first paragraph in the "Statement of Facts" section of the Complaint; and ¶ R1 to refer to the first paragraph in the "Prayer for Relief" section of the Complaint.

Thereafter the Tenant Defendants installed a portable gasoline combustion generator.  (Id. at ¶ SF6.)  When Plaintiffs became aware of the generator, they notified the Fire Department and the City of New York.  (Id. at ¶ SF7.)  The Fire Department representatives who responded to the complaint joked inappropriately with Miller and did not issue a citation.  (Opp. at ¶ 7; Compl. at ¶ SF7.)  The New York City Police Department was called on another occasion because Defendant Miller and his associates were "unruly and audibly disruptive," but that the Police Department did not cite them.  (Opp. at ¶ 4.)

A DHPD employee who is not named as a defendant in the Complaint commenced an action, or encouraged Miller to commence a civil action, against Plaintiffs based on alleged building code violations that Miller had created.  (Opp. at ¶¶ 2-4.)  At some point, Plaintiffs learned that Defendant Miller had filed a complaint with the DHPD.  (Compl. at ¶ SF8.)  Defendant Miller brought two actions against Plaintiffs in Landlord-Tenant Court.  (Id. at ¶ SF9.)  Both actions terminated in Plaintiffs' favor and the Tenant Defendants were directed to vacate the Property.  (Id.)

As to the Municipal Defendants, Plaintiffs allege that the status of Defendant Langston Hughes as a non-profit corporation "most certainly necessitates the sanction and/or inspection of the City of New York, Municipal Corporation, subordinate officials thereof," (see p. 2-3 of the undated reply, docket entry no. 38 (the "Reply")), that officials for the "Respondent City Agencies named" in the reply refused to acknowledge the "non-profit corporation status" during the civil housing matter, (Reply at ¶ 6), and that the "non-profit corporation status entitled Respondent Miller et al., to funds and donations from the State and City Governments for the purpose of the preservation and development of the building," which Plaintiffs believe were used for unauthorized renovations (id. at ¶ 9).

Plaintiffs retained the Attorney Defendants in connection with this matter.  (Compl. at ¶ SF10.)  Plaintiffs allege that the Attorney Defendants were derelict in their duty because they failed to timely file the order to vacate the premises via the City Marshall and neglected to make court appearances at various critical episodes of the controversy.  (Id. at ¶ SF11.)  Plaintiffs also allege that Mitchell refused to conduct a meaningful investigation of the membership of Langston Hughes, that Mitchell's filing delays adversely affected Plaintiffs, that Mitchell refused to raise certain issues before the residential housing court, that the Attorney Defendants sought to resign, over Plaintiffs' objections, from the case at an early critical stage of the proceedings, and that Mitchell failed to disclose information regarding a potential conflict of interest.  (Reply at ¶¶ 4, 5, 7, 8.)  Plaintiffs informed the Attorney Defendants that they were dissatisfied with their performance.  (Compl. at ¶ SF12.)  Plaintiffs request $20 million in compensatory damages and $300 million in punitive damages as against all Defendants.  (Id. at ¶¶ R2-3.)

## DISCUSSION

### Legal Standard

In considering a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court accepts as true the non-conclusory factual allegations in the complaint, and draws all reasonable inferences in Plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).  "A pleading that offers labels and conclusion or a formulaic recitation of elements of a cause of action will not do."  Iqbal, 129 S. Ct. at 1949.  This Twombly plausibility standard applies to all civil actions.  Id. at 1953.  "Even after Twombly, though, [courts] remain obligated to construe a pro se

complaint liberally." <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).


<u>Plaintiffs' Section 1983 Claim</u>

 In order to state a claim for a violation of 42 U.S.C. § 1983, a plaintiff must allege both a deprivation of a right secured by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law.  <u>Feingold v. New York</u>, 366 F.3d 138, 159 (2d Cir. 2004).  "It is well established that § 1983 does not create a substantive right, but rather 'provides the procedural mechanism through which a plaintiff may bring a suit for violation of a federal right' that would otherwise remain unremedied." <u>DT v. Somers Cent. School Dist.</u>, 588 F. Supp. 2d 485, 497 (S.D.N.Y. 2008), <u>quoting</u> <u>Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.</u>, 163 F.3d 749, 756 (2d Cir. 1998).

 Plaintiffs have identified no federal constitutional or statutory provisions allegedly violated in connection with the events described in the Complaint, nor have they alleged any facts that would plausibly support any cause of action for due process, property deprivation under color of state law or other federal violations.  Plaintiffs have failed to allege facts indicative of any action under color of state law by the Tenant Defendants or the Attorney Defendants and, as explained below, have also failed to allege any facts indicative of a basis for liability on the part of any of the Municipal Defendants.

 <u>Municipal Defendants</u>

 Municipal governments and agencies cannot be held liable under a theory of <u>respondeat</u> <u>superior</u> for injuries inflicted solely by employees or agents.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).  Municipal entities can only be held liable "when [it is the] execution of a government's policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy, [that] inflicts the injury." Id.

Thus, "[l]ocal governing bodies . . . can be sued directly under § 1983 . . .  where . . . the action that

is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation,

or decision officially adopted and promulgated by that body's officers." Id. at 690.  They also "may

be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such

a custom has not received formal approval through the body's official decisionmaking channels."

Id. at 690-91.

      Plaintiffs' Complaint, Opposition and Reply do not identify any policy statement,

ordinance, regulation, decision or custom of the Municipal Defendants, much less attribute any

alleged deprivation to such policy or custom.  See Cabble v. New York, No. 04 Civ. 9413, 2009

WL 890098, at *6 (S.D.N.Y. March 30, 2009) (dismissing complaint where it identified no official

policy statement, ordinance, regulation, decision or custom).

    Defendant Mitchell

      Plaintiffs' Section 1983 claims against Defendant Mitchell must also be dismissed.

As previously noted, official action, that is, action under color of state law, is a necessary element

of a Section 1983 claim.  Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003).

"Where the defendant is a private entity, the plaintiff must show that there is such a close nexus

between the State and the challenged action that seemingly private behavior may be fairly treated as

that of the State itself."  Id. (internal quotation marks and citations omitted).  Plaintiffs have failed

to allege that Defendant Mitchell was a city official or that Mitchell used any official legal authority

in taking any of the actions that Plaintiffs challenge.  The Complaint, thus, fails to state a Section

1983 claim against Defendant Mitchell and must be dismissed as against him.  See e.g. Kashelkar

v. Bluestone, 306 Fed. Appx. 690 (2d Cir. 2009) (district court properly dismissed plaintiff's

Section 1983 claim, as plaintiff failed to allege that any of the defendants were state actors); see also Trakansook v. Astoria Federal Sav. and Loan Ass'n, No. 07-2224-cv, 2008 WL 4962990, at *1 (2d Cir. Nov. 21, 2008) ("[Plaintiff]'s claim would have had to be dismissed in any event because she did not allege that [the defendant] is a 'state actor,' which is an essential requirement of any claim under section 1983."); Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (to state a claim under Section 1983 against a private party, a complaint must allege facts showing that the private party was acting "under color of state law").

Nor are Plaintiffs' allegations of collusion with others to deprive Plaintiffs of their property sufficient to allege a violation of Section 1983 by Defendant Mitchell. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992); see also Ciambrello, 292 F.3d at 324-25 ("In order to survive a motion to dismiss on his § 1983 conspiracy claim, Ciambriello must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Spear, 954 F.2d at 68; see also Concepcion v. City of New York, No. 05 Civ. 8501, 2008 WL 2020363, at * 3 (S.D.N.Y. May 7, 2008) ("Moreover, it is well-settled that, although a plaintiff is not required to list the place and date of defendants' meetings and the summary of their conversations when he pleads conspiracy, the pleadings must present facts tending to show agreement and concerted action." (internal quotation marks and alterations omitted)). Not only have Plaintiffs failed to allege any facts showing an agreement between Mitchell and any municipal official or other state actor,

Plaintiffs have failed to allege facts showing that they suffered any unconstitutional injury that could have been the subject of the conspiracy. Plaintiffs have failed to allege that they were deprived of their property by any municipal official or other state actor. Nor have they alleged any facts indicative of any other deprivation of a federal right. Plaintiffs' conclusory allegations of conspiracy, in the absence of specific factual allegations indicative of an unconstitutional injury and facts tending to show an agreement between Defendant Mitchell and any municipal official or other state actor, are insufficient to allege a Section 1983 violation on the part of Defendant Mitchell.

Thus, Plaintiffs have failed to allege sufficient facts to assert a Section 1983 violation against the Municipal Defendants or against Defendant Mitchell.

### CONCLUSION

For the foregoing reasons, the motions to dismiss filed by the Municipal Defendants and by Defendant Mitchell are granted and Plaintiffs' Section 1983 claim is dismissed as against those Defendants. This Opinion resolves docket entry nos. 8 and 33.

The Court is also issuing today a separate Order to Show Cause in this matter.

SO ORDERED.

Dated: New York, New York
September 2, 2009

LAURA TAYLOR SWAIN
United States District Judge